UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

```
RICHARD BLAYLOCK,            )
                             )
     Plaintiff,              )
                             )    No. 07-4056
v.                           )
                             )
MICHAEL FRIELS, et al.       )
                             )
     Defendants.             )
```

## O P I N I O N   A N D   O R D E R

Before the Court is a Motion to Dismiss filed on January 24, 2008. [Doc. 4.]  Plaintiff, who is proceeding pro se, has filed a Response to the Motion. [Doc. 6.]  For the following reasons, the Motion to Dismiss is TAKEN UNDER ADVISEMENT.

Plaintiff filed a Complaint on September 14, 2007 in which he alleged that two named police officers, several unknown officers, and the city of Moline, Illinois violated his civil rights and caused him injuries during the course of an arrest. On December 6, 2007, Magistrate Judge Gorman warned Plaintiff that if he did not obtain service upon the Defendants, his case would be dismissed.  On January 9, 2008, Plaintiff issued a summons to the City of Moline, but has yet to obtain service upon any of the other Defendants.

The city of Moline has now moved to dismiss Count III of Plaintiff's Complaint.  Count III is the only Count brought

against the city of Moline and it alleges that, under 745 ILCS 10/9-102, the city, as the officer's employer, should be liable for any acts that were committed by the officers in the scope of their employment.  In a rather perfunctory Motion, the city argues that "because there is no claim or cause of action provided in 745 ILCS 10/9-102..., Count III should be dismissed."

Defendant's argument runs contrary to established law.  745 ILCS 10/9-102 provides that a local Illinois government is "directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable."  Our Appellate Court has held that such a cause of action can be maintained against a local government.  In Wilson v. City of Chicago, 120 F.3d 681 (7th Cir. 1997), a plaintiff brought suit against police officers alleging that officers used torture to extract a confession from a suspect.  The plaintiff included a claim against the city of Chicago under 745 ILCS 10/9-102, and after a jury verdict, the district court entered judgment against the officers and the city.  The city argued on appeal that 745 ILCS 10/9-102 did not provide for a direct cause of action against the municipality, but was only a means for an individual that obtained a judgment against an employee to bring a separate action to collect the judgment from the municipality.  The

Seventh Circuit specifically held that a plaintiff could maintain a cause of action against the city and the city was derivatively liable for a judgment against its officers.  Id. at 684-85.

In the case at bar, the city of Moline could be derivatively liable for actions that were taken by its officers. However, for this to happen, Plaintiff must pursue his claim against the officers as well.  The city cannot be liable independently of the officers.  So far, Plaintiff has not made any effort to pursue such a claim – namely he has not served process against the other named Defendants nor has he advised this Court of any attempts to serve process.

Accordingly, this Motion to Dismiss is taken under advisement.  If Plaintiff does not take any action to serve process against the other named Defendants within thirty days, this Court will proceed with ruling upon this Motion to Dismiss.

IT IS THEREFORE ORDERED that the Motion to Dismiss is TAKEN UNDER ADVISEMENT.  If Plaintiff does not take any action to serve process against the other named Defendants within thirty days, this Court will proceed with ruling upon this Motion to Dismiss.

ENTERED this   8th   day of February, 2008.

>   s/Joe Billy McDade_____
>       Joe Billy McDade
>   United States District Judge

3