### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
#### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| RICHARD BLAYLOCK | ) | |
| | ) | |
| Plaintiff, | ) | No.  07-4056 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FRIELS, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is a Motion to Dismiss filed on May 2, 2008.  (Doc. 10.) Plaintiff, who is proceeding pro se, filed a Response to the Motion on May 14, 2008.  (Doc. 12.)  Also pending before the Court is a Motion to Dismiss filed by the City of Moline on January 24, 2008 which was taken under advisement.  (Doc. 4.)  For the following reasons, the Motions to Dismiss are DENIED.

### BACKGROUND

Plaintiff filed a Complaint on September 14, 2007 in which he alleged that two named police officers, several unknown officers, and the City of Moline, Illinois violated his civil rights and caused him injuries during the course of an arrest. Plaintiff claims that the officers used excessive force during the arrest in violation of the Fourth Amendment, that the officers showed deliberate indifference to his medical needs in violation of the Fourteenth Amendment, and that these violations entitle him to relief under 42 U.S.C. § 1983.  Plaintiff's Complaint alleges the following facts:

On or about June 19, 2006 Defendants Michael Friels[1] and Kevin Ott engaged in an unreasonable seizure of Plaintiff.  (Compl. ¶ 5.)  Plaintiff had not resisted arrest, battered, or assaulted Defendants or any other officers.  (Compl. ¶ 6.)  Defendants and unknown officers made physical contact with Plaintiff which constituted excessive force in violation of the Fourth Amendment.  (Compl. ¶¶ 11-15.)  Plaintiff suffered injuries as a result of the contact.  (Compl. ¶ 9.)  Following the injury, the officers failed to provide immediate medical treatment to Plaintiff and instead proceeded with the arrest.  (Compl. ¶ 19.)   This constituted deliberate indifference to Plaintiff's medical needs in violation of the Fourteenth Amendment.  (Compl. ¶¶ 18, 20.)  At all times during the incident, Defendants were acting under color of state law and on behalf of the City of Moline.  (Compl. ¶¶ 3-4.)

Count I of the Complaint alleges the use of excessive force in violation of the Fourth Amendment and requests both compensatory and punitive damages from Defendants.  Count II alleges deliberate indifference to Plaintiff's medical needs in violation of the Fourteenth Amendment, and also requests compensatory and punitive damages from Defendants.  Count III alleges that the City of Moline is also liable for damages as the Defendants' employer under 745 ILCS 10/9-102, and demands that the City pay any judgment obtained against Defendants.

The City of Moline filed a motion to dismiss Count III on January 24, 2008, alleging that the Illinois statute cited *supra* provides no direct cause of action against a local government, but merely "provides a mechanism for a local

---

[1] Defendants' Motion indicates that Defendant Michael Frels was incorrectly identified as Michael Friels in the Complaint.  For the purposes of this Order, this Court will use the spelling as set forth in the original Complaint.

government to pay any tort judgment or settlement" for which "an employee acting within the scope of his employment is found liable." (Doc. 4.) At the time the motion was filed, only the City had been served with process. This Court took the City's motion to dismiss under advisement and held that the motion would be denied if Plaintiff were to serve process upon the individually named Defendants. (Doc. 7.) Process was served upon Defendants on April 18, 2008. Accordingly, the City's Motion to Dismiss is DENIED.

Defendants Michael Friels and Kevin Ott now move to dismiss Counts I and II of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. In a rather perfunctory motion, these Defendants argue that Plaintiff's claim "fails to allege any specific acts on the part of Defendant Frels and/or Defendant Ott" for which either can be held liable.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could possibly be proved consistent with the allegations. Fed. R. Civ. P. 12(b)(6); Hishon v. King & Spalding, 467 U.S. 69, 72 (1984). If it is possible to hypothesize any set of facts consistent with the complaint that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate. Sanville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a Rule 12(b)(6) motion, a court must accept the well-pleaded allegations of the complaint as true and view then in the light most favorable to the plaintiff. Gomez v. Ill. Bd. of Educ., 811 F.2d 1030, 1038 (7th Cir. 1987).

A motion to dismiss tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, "complaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." Kolupa v. Roselle Park Dist., 438 F.3d 713, 715 (7th Cir. 2006). Furthermore, pro se complaints are held to a less stringent standard than those drafted by attorneys, and are therefore more liberally construed. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

## ANALYSIS

Defendants Friels and Ott's only argument is that the Complaint fails to allege facts to support the claims against them or to specify the damages suffered.

The Seventh Circuit has firmly established that a plaintiff need not plead facts in a complaint. See Vincent v. City Colleges of Chicago, 485 F.3d 919, 923 (7th Cir. 2007). Under Federal Rule of Civil Procedure 8(a), "the plaintiff pleads claims, not facts or legal theories." Id. On the other hand, the Supreme Court has since indicated that there must be sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007). It is not necessary to distinguish between these two rulings in this case, however, because Plaintiff's Complaint is sufficient under either theory.

The Complaint alleges that the individually named Defendants came into physical contact with Plaintiff, resulting in injuries to Plaintiff, and that Defendants subsequently failed to obtain medical treatment for the injuries. Both Counts include a short, plain statement of the incident and indicate the type of

relief sought in accordance with Federal Rule of Civil Procedure 8(a).  While Plaintiff's Complaint does speak in broad terms, his pro se status grants him more leeway in determining the sufficiency of the Complaint.  <u>Alvarado</u>, 267 F.3d at 651. Therefore, the facts alleged in the Claim meet even a heightened standard of pleading.

Ultimately, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a federal right, privilege, or immunity by a person acting under color of state law.  <u>Brown v. Budz</u>, 398 F.3d 904, 908 (7th Cir. 2005).  This pro se Plaintiff has alleged sufficient facts to sufficiently state a claim under § 1983 and survive a Motion to Dismiss under Rule 12(b)(6).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss are DENIED.  This Matter is referred to the Magistrate Judge for pretrial proceedings.

ENTERED this   23rd   day of June, 2008.

<u>s/Joe Billy McDade</u>
Joe Billy McDade
United States District Judge